José Ramírez González, Plaintiff and Appellee, *v.* Julio M. Morales, Defendant and Appellant.

No. 9839. Argued March 1, 1949.—Decided March 18, 1949.

*A. L. López* for appellant. *R. Arjona Siaca* and *A. Figueroa Rivera* for appellee.

Mr. JUSTICE MARRERO delivered the opinion of the Court.

José Ramírez González brought in the District Court of Humacao, an action for damages against Julio M. Morales for the accidental death of his 5-year old daughter. After the case was transferred to the District Court of Caguas and after a trial on the merits, said court rendered judgment sustaining the complaint and adjudging the defendant to pay to the plaintiff, as damages, the sum of $6,000, together with costs, and $400 as attorney's fees. From that judgment the defendant has appealed and in support of his appeal he assigns the errors which we shall presently discuss.

■ The appellant first contends that the lower court erred in overruling his demurrer to the effect that the complaint was ambiguous, since it failed to state of what consisted the sum of $307, mentioned in the sixth paragraph thereof. After it was set forth in the complaint that on July 11, 1942, at about 7:00 p.m., the minor Diana Ramírez López, a daughter of the plaintiff and his wife Rosa López, was struck by an automobile owned by defendant Julio M. Morales, while driven by him near kilometer 21, hectometer 9 of the highway leading from Las Piedras to San Lorenzo, in the sixth paragraph thereof it is alleged that "the plaintiff has incurred in expenses up to the sum of $307 by reason of the bruises sustained by his daughter Diana Ramírez."

An action for damages is an ordinary civil action and by express provision of Rule 81(a), the Rules of Civil Procedure are applicable thereto. In accordance with Rule 7(c) demurrers have been abolished. However, in this case, the demurrer for ambiguity was filed prior to the taking effect of said rules. Indeed, we fail to see that the sixth paragraph of the complaint filed in this case is ambiguous. The lower court acted correctly in dismissing the question thus raised.

■■ The appellant also contends that the lower court erred in denying his petition for a bill of particulars to show

the manner in which the said $307 was spent and of what consisted the sum of $20,000 claimed by the plaintiff as damages. Many have been the cases in which this Court has held that the granting or refusal of a bill of particulars is entirely within the sound discretion of the trial court and that we shall not interfere, unless it is clearly shown to us that its action prejudiced substantial rights. *Rivera* v. *Durán*, 59 P.R.R. 492; *Lafont* v. *Bird*, 57 P.R.R. 139; *Rivera* v. *Vahamonde*, 57 P.R.R. 795; *Molina* v. *Rodríguez*, 40 P.R.R. 661. No such thing happens in this case.

■■ The third error assigned by the defendant is that the lower court erred in not admitting in evidence the record of the criminal prosecution instituted by The People of Puerto Rico against him in the District Court of Humacao.

While the evidence for the defendant was being introduced, said defendant called to the witness stand the district attorney who had requested the filing away and dismissal of the criminal action brought against the defendant herein, since said officer considered that in view of the statements made before him, there was involved an unfortunate accident for which the defendant was not liable. The plaintiff objected to the district attorney continuing to testify to that effect, and the court sustained the objection. The defendant then offered in evidence the whole record of the criminal prosecution brought against him, stating that he did that "to prove that there is involved an unfortunate accident in which there was no negligence on the part of the defendant." The plaintiff objected and once more his objection was sustained, and said record remained as evidence presented and not admitted.

Section 2 of the Code of Civil Procedure provides that "When the violation of a right admits of both a civil and criminal remedy, the right to prosecute the one is not merged in the other." When the defendant herein was criminally charged with the death of the minor and when the civil action for damages was brought against him, all this was done in

harmony with the provision just cited. And although both the criminal and civil actions were based on the same facts, they are independent from each other. *Díaz* v. *Ayala*, 68 P.R.R. 858; *Guzmán* v. *Vidal*, 19 P.R.R. 800; *Díaz* v. *The San Juan Light & Transit Co.*, 17 P.R.R. 64; *Zalduondo* v. *Sánchez*, 15 P.R.R. 216; and *Landrón* v. *Saldaña*, 8 P.R.R. 418. See also 1 Cal. Jur. § 10, p. 317 and 1 Am. Jur. §§ 40 and 43, pp. 431 and 434. When the proper objection is raised, as happened in this case, the record of one of the actions is not admissible in evidence, if it is offered as proof in the other.

◼ In the fourth and fifth errors it is alleged that the lower court erred in adjudging the defendant to pay the excessive sum of $6,000 as damages, and also the sum of $400 as attorney's fees. Plaintiff's evidence tended to show that on July 11, 1942, Diana Ramírez López, who at that time was five years of age and who was a daughter of the plaintiff and his wife, was standing in the right-hand gutter of the highway leading from Las Piedras to San Lorenzo; that the vehicle driven by the defendant travelled at that time at a moderate speed in the indicated direction, but making zigzags, and upon deviating to a side of the road to avoid striking other children which were playing there, the vehicle swerved to its right in such a manner that it struck the minor, injuring her seriously; and that as a result of the wounds she received, the child died on the following day. That for the defendant was to the effect that at the time he passed in his vehicle over said highway the child crossed, running from right to left, and collided with his automobile, her death being an unfortunate accident. The lower court did not accord credit to the evidence for the defendant and reached the conclusion that the accident was due to his fault and negligence. We consider that the award of $6,000 was not excessive. *Rojas* v. *Maldonado*, 68 P.R.R. 757, 769; *Meléndez* v. *Metro Taxicabs*, 68 P.R.R. 709, 714; *De Gra-*

*cia* v. *Guardiola,* 37 P.R.R. 774, 784; and *Rivera* v. *Vahamonde, supra.*

 The granting of attorney's fees is discretionary in the trial court. In our opinion in this case there was no abuse of discretion in adjudging the defendant to pay attorney's fees, nor in fixing the amount thereof. *Rivera* v. *Durán, supra; Meléndez* v. *Metro Taxicabs, supra.*

The judgment will be affirmed.